Opinion issued April 23, 2009









In The

Court of Appeals

For The

First District of Texas


____________


NO. 01-08-00298-CR

____________


ROLAND CHARLES, JR., Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court 

Harris County, Texas

Trial Court Cause No. 1010171






MEMORANDUM OPINION


 Appellant, Roland Charles, Jr., without an agreed punishment recommendation
from the State, pleaded guilty to the second degree felony offense of possession of
a controlled substance. The trial court admonished appellant about the consequences
of entering his plea of guilty, accepted his plea of guilty, deferred adjudication of
guilt, placed him on community supervision for ten years, assessed a $500 fine, and 
ordered him, along with other terms and conditions of probation, to perform 150
hours of community service. 

 Subsequently, the State filed a motion to adjudicate guilt that after a hearing
was granted by the trial court on April 10, 2008. Based on newly discovered
evidence, appellant's attorney filed a motion for new trial. Following a motion for
new trial hearing, the court granted the motion on April 29, 2008. Appellant then
filed a motion to recuse the trial court judge which was denied. 

 The State filed an amended motion to adjudicate guilt on May 28, 2008. On
July 10, 2008, appellant pleaded true to the allegations in the State's amended motion
to adjudicate. Contemporaneously with his plea of true, appellant, appellant's
counsel, and the State signed a stipulation of evidence, which included a judicial
confession and waiver of constitutional rights. In this stipulation, appellant stated
that: On the 15th day of May, 2006, I violated the terms and conditions of said
probation in that I tested positive for marihuana, plus additional violations as alleged
in the motion to adjudicate. 

 After a hearing on the State's motion, the trial court found the allegations in the
State's motion to be true, found appellant guilty of the original charge, and assessed
his punishment at confinement for 12 years and a $500 fine. Appellant's counsel on
appeal has filed a brief stating that the record presents no reversible error, that the
appeal is without merit and is frivolous, and that the appeal must be dismissed or
affirmed. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, (1967). The brief
meets the requirements of Anders by presenting a professional evaluation of the
record and detailing why there are no arguable grounds for reversal. Id. at 744, 87
S.Ct. at 1400; see also High v. State, 573 S.W.2d 807, 810 (Tex. Crim. App. 1978). 
 Counsel represents that she has served a copy of the brief on appellant. 
Counsel also advised appellant of his right to examine the appellate record and file
a pro se brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). 
More than 30 days have passed, and appellant has not filed a pro se brief. Having
reviewed the record and counsel's brief, we agree that the appeal is frivolous and
without merit and that there is no reversible error. See Bledsoe v. State, 178 S.W.3d
824, 826-27 (Tex. Crim. App. 2005). We affirm the judgment of the trial court and
grant counsel's motion to withdraw. (1) 

 Attorney Toni M. Triplett must immediately send the notice required by Texas
Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this
Court.

PER CURIAM


Panel consists of Justices Jennings, Keyes, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).








 

1. Appointed counsel still has a duty to inform appellant of the result of this appeal and
that he may, on his own, pursue discretionary review in the Texas Court of Criminal
Appeals. See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).